# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MAURICE C. DEVORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-00822 |
| ) | Judge Sharp |
| TENNESSEE DEPARTMENT OF ) | |
| SAFETY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

The Magistrate Judge has entered a Report and Recommendation ("R & R") (Docket No. 44), recommending that summary judgment be granted on *pro se* Plaintiff Maurice C. Devore's claims for racial discrimination, retaliation, and a hostile work environment. Plaintiff has filed Objections (Docket No. 48) to the R & R. Having considered the entire record, and having reviewed the matter *de novo* in accordance with Federal Rule of Civil Procedure 72(b), the Court will overrule Plaintiff's Objections and accept the R & R.

Plaintiff prefaces his Objections by "apologiz[ing] to the Court for any inadequacy shown by not following the Federal Rules of Civil Procedure precisely." (Docket No. 48). Given the fact that Plaintiff is proceeding *pro se*, the apology might be more readily accepted were it not for the fact that Plaintiff was specifically apprised of his obligation to respond to Defendant's Motion for Summary Judgment and the nature that the response should take.

Before the Motion for Summary Judgment was filed, the Magistrate Judge entered a Scheduling Order that, in relevant part, provided:

. . . Responses to any dispositive motions shall be filed within thirty (30) days.

1

> Plaintiff is forewarned that dispositive motions must be responded to within thirty (30) days unless an extension is granted by the Court, and that failure to respond to the motion and to statements of facts may result in the Court taking the facts alleged in the matter as true and granting the relief requested. In responding, plaintiff may not just rely on the complaint. Plaintiff must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence. Plaintiff should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01.

(Docket No. 23 at 3-4). Local Rule 56.01, in turn, provides in pertinent part:

> (c) Response to Statement of Facts. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record.

L.R. 56.01(c).

"'Courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation.'" Thomas v. Werthan Packaging, Inc., 2012 WL 13954 at *2 (M.D. Tenn. Jan. 4, 2012). In fact, the Sixth Circuit has stated "that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.* permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Plaintiff's initial deficiencies aside, he only partially rectifies his failure to comply with Local Rule 56.01 in his Objections. While Plaintiff disputes some 35 of Defendant's 86 paragraphs in its Statement of Facts ("DSOFs"), he fails to cite any evidentiary support for 19 of the paragraphs that he does dispute. Further, even where he cites the record, the citation does not necessarily support the proposition advanced by Plaintiff.

These failures are significant because many of the paragraphs go directly to Defendant's

2

stated reasons for termination; to wit, that Plaintiff was an insubordinate employee who failed to perform as expected and follow directions. This would include Plaintiff ignoring and/or failing to follow his supervisor's directions (DSOF #41, #42, #45, #49, #66, #67, #82 & #83); failing to respond to his supervisor's emails (DSOF #39, #49, #62 & #63); repeatedly arriving late for work, leaving early, and taking long breaks and lunches (DSOF #37 & #86); and failing to inform his supervisor of his intended absence for vacation (DSOF #44).

Plaintiff also asserts that the contentions made by his supervisor in his affidavit are "contrived" and "not credible," and that certain events did not happen as depicted. For example, he cites "Sergeant Crockarell's Testimony" in relation to DSOF #70, but nowhere in the cited portion of Sgt. Crockarell's testimony does he state that Plaintiff did not call his supervisor an "idiot and a fool." Plaintiff also cites "Notice of Filing, Ex. 27" to support his contention that his supervisor's recollection of an argumentative exchange on September 29, 2008 "is completely false and fabricated," (Docket No. 38 at 21), but the referenced exhibit relates to an incident that occurred on September 11, 2008, and, in any event, does not suggest that his supervisor mis-recollected the incident.

In addition to the procedural deficiencies, Plaintiff appears to misunderstand the substantive law. Plaintiff argues that under McDonnell Douglas, "[a]ll he must do is raise an inference that [discriminatory] misconduct occurred," and that "[o]nce [a] *prima facie* case is established, summary judgment for the defendant is not appropriate on any of the grounds relating to the merits because the crux of a Title VII dispute is the elusive factual question of intentional discrimination." (Docket No. 48 at 30). Plaintiff cites no authority for this proposition, and the only citation he provides in his Objections is to New Jersey case law.

3

It is true that "the ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination," Tisdale v. Federal Express Corp., 415 F.3d 516, 529 (6th Cir. 2005), and that, once a case proceeds to trial, "'the burden-shifting framework falls away,'" with the only question being whether there is "'sufficient evidence to support a finding of . . . discrimination.'" Shoonmaker v. Spartan Graphics Leasing, LLC, 595 F.3d 261, 266 n.4 (6th Cir. 2010) (citation omitted). It is equally true, however,

that at the summary judgment stage and "[i]n the absence of direct evidence of discrimination, Title VII claims are subject to the familiar burden-shifting framework," pursuant to which "'a district court considers whether there is sufficient evidence to create a genuine dispute at each stage of the McDonnell Douglas inquiry.'" Risch v. Royal Oak Police Dept., 581 F.3d 383, 390 (6th Cir. 2009) (citation omitted); see, Litton v. Talawanda School Dist., 2012 WL 2380241 at *2 (6th Cir. June 26, 2012) ("In disparate treatment cases lacking direct evidence of discrimination, we apply the burden-shifting framework from McDonnell Douglas").

In this case, the Magistrate Judge properly found that Defendant has provided legitimate, non-discriminatory reasons for its decision to terminate Plaintiff's employment (not the least of which was his insubordination and poor work performance), and that Plaintiff has failed to show that the proffered reasons were a pretext to mask discrimination. Even though Plaintiff presents excuses, such as that he "preferred to talk to people face to face" and he "chose to answer emails in bulk to remain on task," (Docket No. 48 at 5 & 23) and while he "thought it was necessary and justified to inform [his supervisor] of his unprofessionalism [sic]" when Plaintiff "felt that . . . negative remarks were not based on his work performance" (id. at 11), his *post hoc* rationales and beliefs do not show

4

"(1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate his discharge, or (3) that they were insufficient to motivate discharge." Hedrick v. Western Reserve Care Sys., 355 F.3d 444, 460 (6th Cir. 2004).

Plaintiff is required "to identify admissible evidence from which a reasonable jury could find that [Defendant's] stated reason was a lie contrived to conceal its true reason for terminating his employment[.]" Correll v. CSX Trans., Inc., 378 Fed. Appx. 496, 503 (6th Cir. 2010). Plaintiff's own perceptions of his performance, and even the perception of his co-worker Benjamin Rouse about Plaintiff's abilities, are insufficient to survive summary judgment, Arendale v. City of Memphis, 519 F.3d 587, 605 (6th Cir. 2008), and "are wholly insufficient evidence to establish a claim of discrimination as a matter of law." Mitchell v. Toledo Hosp., 964 F.2d 577, 585 (6th Cir. 1992).

As for his retaliation claim, Plaintiff argues that the temporal proximity between his filing of a Complaint in this Court on September 9, 2009, his being placed on administrative leave on January 15, 2010, and his termination on February 18, 2010 is sufficient to establish causation. Assuming that being placed on administrative leave was the adverse employment action, and assuming that the filing of the Complaint in this Court was the relevant protected activity, the three month gap between those events may suffice to show causation. See, Hamilton v. Gen. Elec. Co., 556 F.3d 428, 435-36 (6th Cir. 2009) ("The combination of . . . increased scrutiny with the temporal proximity of [plaintiff's] termination occurring less than three months after his EEOC filing is sufficient to establish the causal nexus needed to establish a *prima facie* case").

Establishing causation, however, does not end the inquiry because causation is a part of the the *prima facie* case. Just as in discrimination cases, the Court utilizes the burden shifting

5

framework, meaning that if the Defendant comes forward with legitimate non-discriminatory reasons for its employment decision, the burden shifts back to Plaintiff to produce evidence from which a reasonable jury can find pretext. See, Hicks v. SSP America, Inc., 2012 WL 3140243 at *6 (Aug. 3, 2012) (noting that while plaintiff established causation by showing that termination occurred a little over a month after plaintiff filed a charge, burden shifted to defendant to articulate a legitimate non-discriminatory reason for its action). Plaintiff has failed to meet his burden of production.

The Complaint in this Court was based upon a Charge of Discrimination Plaintiff filed with the Equal Employment Opportunity Commission on September 12, 2008, almost a year earlier. That Charge was filed the day after the decision had been made to suspend Plaintiff because, during his annual performance review, he called his supervisor an "idiot and a fool." Thereafter, according to the evidence identified by Defendant which Plaintiff does not properly rebut, Plaintiff's performance remained poor, his attitude towards his supervisor did not improve, he failed to follow directions, and he continued to ignore emails.

Certainly Defendant knew Plaintiff was pursuing claims of discrimination by virtue of the fact that he had filed both a charge with the EEOC and a Complaint in this Court. "But, that kind of knowledge on an employer's part, without more, cannot itself be sufficient to take a retaliation case to the jury." Mesnick v. General Elec. Co., 950 F.2d 816, 828 (1st Cir. 1991). "Were the rule otherwise, then a disgruntled employee, no matter how poor his performance or how contemptuous his attitude toward his supervisors, could effectively inhibit a well-deserved discharge by merely filing, or threatening to file, a discrimination complaint." Id.; see also, Evans v. Walgreen Co., 813 F.Supp.2d 897, 927 (W.D. Tenn. 2011) (citation omitted) ("Title VII does not 'clothe the complainant with immunity for past and present inadequacies, unsatisfactory performance, or uncivil

conduct in dealing with her colleagues'"); Garner v. Motorola, Inc., 95 F.Supp.2d 1069, 1080 (D. Ariz. 2000) ("An employer is not and should not be required to 'back off' from its pursuit of performance-related concerns merely because an employee has brought charges of discrimination.").

Based upon the foregoing, and for the reasons explained in the 19 page R & R, Defendant has established that it is entitled to summary judgment on all of Plaintiff's claims. Accordingly, the Court will enter an Order accepting and approving the Report and Recommendation, and overruling Plaintiff's Objections thereto.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE